**THE MARS.**

**DEEPWATER OPERATING CO. v. WALL-ING et al.**

**In re MARS TOWBOAT CO.**

Nos. 83, 91, of 1932.

District Court, E. D. Pennsylvania.

Feb. 17, 1933.

Acker, Manning & Brown, of Philadelphia, Pa., for petitioner Mars Towboat Co.

Dechert, Bok & Smith, of Philadelphia, Pa., for libelant.

Acker, Manning & Brown, of Philadelphia, Pa., for respondent.

DICKINSON, District Judge.

This motion is made under the Supreme Court Admiralty Rule 43 (28 USCA § 723). In its terms it is broad enough to empower the court to refer any cause to two or more commissioners. There is, however, a general reference to chancery practice. The analogue is the appointment of masters in chancery. Under the Supreme Court Equity Rule 59 (28 USCA § 723), the reference to masters is exceptional. The admiralty rule has further been interpreted by the practice thereunder. By an analogy to masterships in equity and under the practice which has grown up under the admiralty rule, very much the same distinction is made which is made in patent cases, although the latter has its real basis in statutes. The distinction, however, is that the court determines the broad question of liability and refers to commissioners merely the question of the quantum of the damages, if any are awarded.

We see no reason for departing in the present cause from this practice. We are asked to refer to a commissioner both the question of liability as well as the question of the sum to be awarded, if any. This calls for a dismissal of the motion.

In doing so, however, we call the attention of the respective proctors to the rules of this court, recently adopted, after conference with the members of the admiralty bar. We expect a compliance with these rules. The pertinent ones are Rule 2, clauses III, V, and IX, and Rule 30½.

Motion dismissed.